NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 1 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50175 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00495-BRO |
| v. | |
| CESAR GONZALEZ-OROZCO, a.k.a. Cesar Humberto Gonzales, a.k.a. Cesar Gonzalez, a.k.a. Cesar Humberto Gonzalez, a.k.a. Cesar H. Gonzalez-Orozco, a.k.a. Cesar Umberto Gonzalez-Orozco, a.k.a. Cesar Humberto Gonzalez-Orozco, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted July 26, 2016**

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Cesar Gonzalez-Orozco appeals from the district court's judgment and

challenges the 77-month custodial sentence and three-year term of supervised

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

release imposed following his guilty-plea conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm but remand to correct the judgment.

Gonzalez-Orozco contends that the district court procedurally erred by failing to consider and address his sentencing arguments sufficiently. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered each of Gonzalez-Orozco's arguments for a lower sentence and adequately explained its reasons for imposing the low-end sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Gonzalez-Orozco next contends that the district court procedurally erred by imposing the term of supervised release, and that the term of supervised release is substantively unreasonable. These claims fail. Contrary to Gonzalez-Orozco's contentions, the district court properly considered the relevant policy statement for imposing a term of supervised release on a deportable alien, *see* U.S.S.G. § 5D1.1(c), and the court's statement that a term of supervised release would permit the court to provide Gonzalez-Orozco with treatment if he returns to the

United States was not clearly erroneous. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record."). Moreover, the supervised release term is not an abuse of discretion in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Gonzalez-Orozco's criminal history. *See United States v. Valdavinos-Torres*, 704 F.3d 679, 692-93 (9th Cir. 2012).

In accordance with *United States v. Rivera-Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the reference to 8 U.S.C. § 1326(b)(2).

**AFFIRMED; REMANDED to correct the judgment.**

15-50175